## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CHRISTIE Y. HERBERT,**

      **Plaintiff,**

         **v.**

**KATHLEEN SEBELIUS,**
**Secretary of the Department of**
**Health and Human Services,**

      **Defendant.**

**Civil Action No. 12-1057 (JDB)**

## <u>MEMORANDUM OPINION</u>

Plaintiff Christie Herbert, proceeding <u>pro se</u>, brings this employment-related action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u>, against defendant Kathleen Sebelius in her official capacity as the Secretary of the Department of Health and Human Services ("HHS"). Herbert alleges that, while working at HHS's Region IV office in Atlanta, Georgia, she was harassed based on her disability and accommodation requirements and in retaliation for bringing complaints against a private doctor and certain law enforcement officers. Presently before the Court is defendant's motion to dismiss or, in the alternative, to transfer. Because the Court concludes that venue is not proper in the District of Columbia, but that venue is proper in the Northern District of Georgia, the Court will transfer the case to the Northern District of Georgia.

**BACKGROUND**

The factual assertions in Herbert's complaint are sparse. She began working for HHS in April 2010 as a health insurance specialist for the Centers for Medicare and Medicaid Services' ("CMS") Region IV office in Atlanta. See Compl. [ECF 1], Ex. 3. She filed complaints against a private doctor and law enforcement officers in a matter unrelated to her work, and alleges that individuals at her office retaliated against her for doing so. See Compl. at 2. This alleged retaliation consisted of "being targeted, stalked, [and] harassed," and "attempts of harm," such as someone entering her personal residence without her knowledge or permission. See id. at 1-3; Pl.'s Mot. for TRO and Order of Protection [ECF 2] ("TRO Mot.") at 1. Herbert believes that defendant and related parties have sought information from businesses that she frequents, including restaurants, hotels, and salons, and that she has been the subject of audio and video surveillance. See TRO Mot. at 2; Pl.'s Am. Mot. for TRO and Cease & Desist Order [ECF 10] ("Am. TRO Mot."), Exs. 1-2. Herbert also alleges that defendant interfered with and engaged in privacy breaches related to her personal medical care and disability. See Compl. at 3. She states that these actions occurred on behalf of and "in alliance with" the doctor against whom she filed the complaints, see id. at 2-3, but she asserts no direct connection between this doctor and defendant. The only concrete facts Herbert provides about her workplace troubles involve technical errors with her office voicemail, a malfunctioning orthopedic chair, and a workplace foot injury sustained when an "automatic disability access door was intentionally programmed not to function as [she] approached." See Am. TRO Mot., Ex. 4. Herbert does not dispute that all of these alleged acts took place in Atlanta.

Herbert also alleges "significant compensation losses . . . including but not limited to time, leave and wage deficiencies including errors and omissions." See Compl. at 3. In April

2011 she filed a workers compensation claim in response to these errors. Her claim was dealt with by HHS officials in Bethesda, Maryland, and Herbert's home office in Atlanta. See Pl.'s Mem. in Support of Pet. for TRO and Order of Protection [ECF 8] ("TRO Mem."), Exs. 1, 3. HHS officials in Atlanta resolved Herbert's wage concerns by correcting an administrative error in her time off entry. See TRO Mem., Ex. 3.

Beginning in December 2011, Herbert filed nearly fifty complaints with the Equal Employment Opportunity Commission ("EEO") about defendant's alleged workplace harassment. See TRO Mem. at 2; Def.'s P&A Mem. in Opp'n to Pl.'s TRO Pet. [ECF 6] ("Def.'s TRO Opp'n") at 10 n.3. Herbert alleges that, in retaliation for her EEO activity, defendant "engaged in disingenuous and disparaging actions" including "intentional errors and omissions within the grievance process." See Compl. at 4. She alleges, for example, that defendant forwarded her an investigation report with an incorrect case name and number. See id.; Am. TRO Mot. at 3. Herbert's EEO complaints were addressed by an EEO counselor in Baltimore, Maryland, and an EEO consultant in Houston, Texas. See Am. TRO Mot., Exs. 2-3.

Herbert filed an employment-related civil action in the Northern District of Georgia in early 2012, but that action was dismissed without prejudice when the court concluded that Herbert's filing did not constitute a complaint and thus did not state a claim upon which relief could be granted. See Order, Herbert v. Sebelius, No. 12-992 (N.D. Ga. Apr. 12, 2012). Herbert then filed a similar action in this Court on June 24, 2012, seeking an injunction and money damages against defendant. She also petitioned this Court for a temporary restraining order on June 26, 2012, and again on July 10, 2012. See TRO Mot.; Am. TRO Mot. The Court denied both of those requests. See Order Den. TRO [ECF 4]; Order Den. Am. TRO [ECF 12]. Defendant now moves to dismiss Herbert's complaint for lack of subject matter jurisdiction,

improper venue, and failure to state a claim upon which relief can be granted. In the alternative, defendant moves to transfer this action to the Northern District of Georgia.

## STANDARD OF REVIEW

### I.      Addressing Venue Before Jurisdiction

Federal courts have leeway to "choose among threshold grounds for denying audience to a case on the merits." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999)). "[C]ertain non-merits, nonjurisdictional issues may be addressed preliminarily, because '[j]urisdiction is vital only if the court proposes to issue a judgment on the merits.'" Pub. Citizen v. U.S. Dist. Court for D.C., 486 F.3d 1342, 1348 (D.C. Cir. 2007) (alterations in original) (quoting Sinochem, 549 U.S. at 431) (internal quotation marks omitted). Thus, it is appropriate for this Court to decide defendant's challenge to venue prior to addressing the challenge to subject matter jurisdiction. See Shay v. Sight & Sound Sys., Inc., 668 F. Supp. 2d 80, 82 (D.D.C. 2009) ("[A] court may decide questions of venue before addressing issues of personal or subject matter jurisdiction."); Aftab v. Gonzalez, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) ("Adjudicative efficiency favors resolving the venue issue before addressing whether subject matter jurisdiction exists.").

### II.     Legal Standard for Venue

In ruling on a motion to dismiss for improper venue, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); 2215 Fifth St. Assocs. v. U Haul Int'l, Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001). But the Court need not accept as true inferences that are unsupported by the facts set out in the complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286

(1986)). It may, however, consider material outside of the pleadings. Cooper v. Farmers New

Century Ins. Co., 593 F. Supp. 2d 14, 18 (D.D.C. 2008) (noting that "[w]hen deciding a Rule

12(b)(3) motion to dismiss for lack of venue, the court may consider extrinsic evidence");

Gianelli v. Chirkes, 377 F. Supp. 2d 49, 51 (D.D.C. 2005), aff'd, 204 F. App'x 24 (D.C. Cir.

2006); Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("A court may consider

material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal

jurisdiction or subject-matter jurisdiction.") (citing Land v. Dollar, 330 U.S. 731, 735 n.4

(1947)).

      "Because it is the plaintiff's obligation to institute the action in a permissible forum, the

plaintiff usually bears the burden of establishing that venue is proper." Williams v. GEICO

Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011) (internal quotation marks omitted); 15 Charles Alan

Wright et al., Federal Practice and Procedure § 3826, at 258 (2d ed. 1986 & Supp. 2006)

("[W]hen [an] objection has been raised, the burden is on the plaintiff to establish that the district

he chose is a proper venue."). To prevail on a motion to dismiss for improper venue, however,

"the defendant must present facts that will defeat the plaintiff's assertion of venue." Thomas v.

Potter, No. 05-1923, 2006 WL 314561, at *1 (D.D.C. Feb. 9, 2006).

## DISCUSSION

      Defendant argues that Herbert's complaint should be dismissed for lack of subject matter

jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, or, in

the alternative, transferred to the Northern District of Georgia. Having determined that it is

appropriate to assess venue before subject matter jurisdiction, the Court concludes that venue is

not proper in the District of Columbia. Hence, it need not decide whether subject matter

jurisdiction exists or whether Herbert's complaint states a claim upon which relief can be

granted.

## I.      Venue Under Title VII

Herbert claims—in broad, conclusory statements—that she has been subject to a hostile

work environment, harassment of both a sexual and non-sexual nature, and "ongoing intentional

attempts at conflict" since she began working at HHS in April 2010. Although she uses general

terms such as "hostile work environment" and "retaliation," Herbert never specifically mentions

Title VII of the Civil Rights Act of 1964. See, e.g., Compl. at 1-2. But pro se complaints are to

be "liberally construed." See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Based on Herbert's

claims, Title VII appears to be the only statute under which she can bring suit.[1] Title VII

provides a remedy for harassment claims, including claims premised upon the existence of a

hostile work environment. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). Title VII also

encompasses retaliation claims. See Cross v. Samper, 501 F. Supp. 2d 59, 62 (D.D.C. 2007)

("Title VII is the 'exclusive and preemptive' remedy available to federal employees asserting

claims related to EEO protected activity or statements."). Accordingly, the Court will proceed as

if Herbert has alleged Title VII hostile work environment and retaliation claims.

Venue in Title VII cases is not set by the general venue statute at 28 U.S.C. § 1391, but

rather by the venue provision in 42 U.S.C. § 2000e-5(f)(3). See Stebbins v. State Farm Mut.

Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969) (per curiam); accord Quarles v. Gen. Inv.

& Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003). Under Title VII, a plaintiff may bring suit: (1)

---

[1] Herbert also claims that she has been harassed due to her "disability and reasonable
accommodation requirements." Compl. at 1. But she gives no factual detail to support a claim on
that basis. In any case, to the extent that Herbert intends to assert a claim under the
Rehabilitation Act, 29 U.S.C. § 701 et seq., the proper venue for litigating such claims is
determined by 42 U.S.C. § 2000e-5(f)(3), so the venue analysis would be the same as that for her
Title VII claims. See Beaird v. Gonzales, 495 F. Supp. 2d 81, 84 n.3 (D.D.C. 2007).

where "the unlawful employment practice is alleged to have been committed," (2) where "the employment records relevant to such practice are maintained and administered," or (3) where "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Only if the defendant is not found within any of these districts can a plaintiff rely on a fourth possible location—"the judicial district in which the respondent has his principal office." Id. This venue statute governs all Title VII claims and supersedes any other venue provision governing actions in federal court. See Stebbins, 413 F.2d at 1102; Middlebrooks v. England, No. 05-0556, 2005 WL 3213956, at *2 (D.D.C. Nov. 2, 2005).

Defendant argues that venue is improper in the District of Columbia under any of Title VII's four venue categories, and that therefore this case should be dismissed or transferred to the Northern District of Georgia where venue is proper. See Def.'s Mot. at 6-7; Fed. R. Civ. P. 12(b)(3).[2] Herbert counters that venue is proper in the District of Columbia because numerous "occurrences and issues" related to her claims "solely originated at the primary business location of the named defendant" in Washington, D.C. See Mem. in Opp'n of Def.'s Mot. to Dismiss [ECF 16] ("Pl.'s Opp'n") at 1. She asserts that her personnel records, compensation records, and other relevant benefits records are managed within the District of Columbia. See Pl.'s Sur-reply Mot. [ECF 20] at 3. But defendant rebuts this claim by providing a declaration from Gloria Parker, the Associate Regional Administrator of the Atlanta Division of CMS's Medicare Health Plans Operations and Herbert's second-line supervisor. Parker declares that "any alleged

---

[2] Although Herbert suggests that defendant waived the ability to challenge venue by not addressing venue in its response to her initial motion for a temporary restraining order, see Fed. R. Civ. P. 12(h)(1) (stating that the threshold defense of improper venue is waived if not included in a preliminary motion), Herbert's contention is meritless in light of the record here. Defendant did challenge venue in its response to Herbert's motion for a temporary restraining

employment discrimination would have occurred in Atlanta" and that "[m]ost of the records relevant to Ms. Herbert's employment are also kept and maintained in Atlanta, Georgia, yet none are kept and maintained in the District of Columbia." See Def.'s Mot., Ex. B, Decl. of Gloria Parker ("Parker Decl.") at 1.

To determine venue under Title VII, courts apply a "commonsense appraisal" of events having operative significance. See James v. Booz-Allen & Hamilton, 227 F. Supp. 2d 16, 20 (D.D.C. 2002) (citing Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978)). Venue cannot lie in the District of Columbia when a substantial part, if not all, of the challenged employment practices took place outside the District. See Darby, 231 F. Supp. at 276-77. Since Herbert does not assert that she would have worked anywhere besides Atlanta but for the challenged employment practices, the critical issues to determine venue in the instant action are whether any of the challenged employment practices occurred in the District of Columbia or have records about them kept here.

### A.      Where the Alleged Unlawful Employment Practice Took Place

Venue is present in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Thus, "[t]he Court's first inquiry focuses on the locus of the alleged acts of discrimination." Middlebrooks, 2005 WL 3213956, at *2. Here, Herbert acknowledges that "extensive issues related to [her] claim indeed did occur at the physical location of [her] employment in the CMS regional office in Atlanta, Georgia," but she claims nonetheless that related "occurrences and issues" took place in the District of Columbia. See Pl.'s Opp'n at 1.

---

order, see Def.'s TRO Opp'n at 2, as well as in its motion to dismiss. See Def.'s Mot. to Dismiss, or, in the Alternative, to Transfer [ECF 15] ("Def.'s Mot.") at 18-21.

The employment practices challenged by Herbert include harassment, wage errors, errors and omissions in the EEO process, and retaliation for filing EEO and private complaints. All of the alleged workplace harassment took place in Atlanta, Georgia. The alleged wage errors related to time Herbert took off for medical treatment were addressed by HHS officials in Bethesda, Maryland and in Herbert's home office in Atlanta. See TRO Mem., Exs. 1, 3 (documenting Herbert's communication with HHS officials in Bethesda and Atlanta about the administrative errors that caused her payroll deficiencies and the correction thereof). Herbert does not allege that any physical harassment took place in the District of Columbia, nor was she paid through any HHS office in the District of Columbia. See Parker Decl. at 1.

Herbert claims that the EEO complaints she filed with defendant were managed solely by the District of Columbia and Maryland offices of defendant. See Pl.'s Sur-reply Mot. at 2. But notwithstanding this bare assertion, Herbert has not demonstrated that defendant managed her EEO claims in the District of Columbia. To the contrary, the EEO consultant that defendant authorized to investigate Herbert's workplace harassment claims is based in Houston, Texas, and the harassment prevention coordinator with whom Herbert initially communicated is based in Baltimore, Maryland. See Am. TRO Mot., Exs. 2-3. Hence, any alleged unlawfulness in the EEO grievance process appears to have taken place outside this district.

Here, defendant has presented facts that defeat Herbert's assertion of venue. See Parker Decl. at 1 (noting that "any alleged employment discrimination would have occurred in Atlanta"); see also Darby, 231 F. Supp. at 277-78 (relying on defendant Department of Energy's declaration from an Assistant Manager for Human Resources in the Miamisburg, Ohio, field office to show that the alleged unlawful employment practices were not committed in the District

of Columbia). Since the challenged employment practices occurred in Atlanta and other places

outside the District of Columbia, the location of these practices does not provide venue here.

### B.       Where the Relevant Employment Records are Maintained

The Court must next determine the locus of the relevant employment records. Venue is

present "in the judicial district in which the employment records relevant to [the challenged

employment] practice are maintained and administered." 42 U.S.C. § 2000e-5(f)(3). Herbert

claims that her personnel records, compensation records, and other relevant benefits records are

managed within the District of Columbia. See Pl.'s Sur-reply Mot. at 3. But this bald assertion

stands unsupported against the sworn statement of Herbert's second-line supervisor that most of

Herbert's relevant employment records are located in Atlanta and that none of her employment

records are kept in the District of Columbia. See Parker Decl. at 1. Herbert has not provided any

reason for this Court to disbelieve the sworn declaration provided by defendant. While the Court

accepts Herbert's well-pleaded facts as true, the Court need not accept bald assertions. See 2215

Fifth St. Assocs., 148 F. Supp. 2d at 54; see also Lee v. England, No. 02-2521, 2004 WL

764441, at *1 n.1 (D.D.C. Mar. 9, 2004) (noting that plaintiff's unsupported assertions could not

stand against a declaration that all actions related to and all records of his EEO complaint, save

clerical functions such as docketing, took place in Bethesda); James, 227 F. Supp. 2d at 23

(crediting defendant's affidavit stating where plaintiff's personnel records were located and

maintained over plaintiff's bare assertions to the contrary).

Herbert's attempt to establish venue in the District of Columbia by citing correspondence

and documents received from defendant in the EEO process is also unpersuasive. See Pl.'s Sur-

reply Mot., Ex. 2. Courts in this district have "rejected the argument that the location where

plaintiff's EEO complaints were initiated and processed provides a basis for venue under prong

[two] of § 2000e–5(f)(3)." See Ellis-Smith v. Sec'y of Army, 793 F. Supp. 2d 173, 176 (D.D.C. 2011); Dank v. Nicholson, No. 05-2463, 2006 WL 763073, at *3 (D.D.C. Mar. 24, 2006) ("Venue cannot be established by identifying records used for the administrative processing of a complaint."); Saran v. Harvey, No. 04-1847, 2005 WL 1106347, at *3 (D.D.C. May 9, 2005) ("Using employment records to process an administrative complaint is not considered 'maintaining and administering' the records for purposes of establishing venue under 42 U.S.C. § 2000e-5(f)(3)." (internal citations omitted)); Lee, 2004 WL 764441, at *1 ("While it may be true that records relating to plaintiff's unlawful employment practice complaint and the investigation thereof are maintained in the District of Columbia, such records are not 'employment records' within the meaning of the statute."). Even construing Herbert's allegations to challenge certain aspects of the EEO process, Herbert has not shown that records relevant to any challenged actions are located in this district.[3] See Am. TRO Mot., Exs. 2-3 (showing email communications with EEO officers in Baltimore and Houston). The Court thus concludes that the employment records relevant to Herbert's complaint are "administered and maintained" in the Northern District of Georgia and possibly elsewhere, but not in the District of Columbia. Venue is therefore improper under the second prong of the venue inquiry.

### C.     Where Herbert Would Have Worked but for the Alleged Unlawful Employment Practice

Herbert has been employed as a health insurance specialist at CMS in Atlanta since April 2010 and she does not suggest that, if not for the alleged unlawful employment practice, she

---

[3] Herbert submitted two pages from the agency decision denying her administrative relief, which show that the EEOC is headquartered in Washington, D.C. See Pl.'s Sur-reply Mot., Ex. 2. But this final decision has no bearing on the specific actions about which she complains (i.e., errors and omissions), and Herbert nowhere suggests that the denial of relief on her EEO claims was itself discriminatory or retaliatory. Hence, the excerpted pages do not support venue here.

would have worked elsewhere. Hence, venue in the District of Columbia is also improper under the third venue provision.

### D.   Judicial District in Which Defendant Has Its Principal Office

Herbert asserts that "[t]he defendant of this action falls within the jurisdiction of this court, therefore venue is appropriate."[4] See Pl.'s Opp'n at 1. But the Court may only consider venue in the location of the defendant's principal office if the defendant is not found in a district in the first three categories. See 42 U.S.C. § 2000e–5(f)(3). Because defendant can be found in the Northern District of Georgia under the first three prongs of Title VII's venue provision, the Court need not consider the fourth venue provision of Title VII. See Williams, 792 F. Supp. 2d at 63.

### E.   Venue Is Improper in the District of Columbia

Venue in this Court is improper under Title VII. None of the events alleged in the complaint took place in the District of Columbia, nor are the relevant records for those events maintained and administered here. See Parker Decl. at 1. But as discussed, a substantial portion of the operative events concerning the alleged discrimination occurred in Atlanta, and employment records relevant to the claim are maintained and administered in Atlanta. Hence, venue is proper in the Northern District of Georgia under the first two prongs of the applicable venue provision.

## II.   Transfer or Dismissal

Rule 12(b)(3) instructs courts to dismiss or transfer a case if venue is improper or

---

[4] Although Herbert notes that she is bringing this action against the named defendant, HHS Secretary Kathleen Sebelius, at her primary location of business in Washington, D.C., see Pl.'s Opp'n at 1, she confirms that she is not bringing this action against Sebelius as an individual, as

inconvenient in the plaintiff's chosen forum. Fed. R. Civ. P. 12(b)(3). Because this case does not meet the venue requirements of Title VII, this Court may either dismiss, "or if it be in the interests of justice, transfer [this] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether dismissal or transfer is "in the interests of justice" is committed to the sound discretion of the district court. Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). Generally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962); Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008).

"To determine whether the interest of justice necessitates transfer, a court may consider whether any relevant statutes of limitations will preclude re-filing if the court dismisses the case." Williams, 792 F. Supp. 2d at 64. Under EEO regulations, if an individual's claim arises in a state with an agency dedicated to processing employment discrimination claims, the individual has 300 days to file from the date of the alleged violation. 29 C.F.R. § 1601.13(a)(4). The EEOC then provides aggrieved individuals with a "right-to-sue" notice that permits them to sue their employer in court within 90 days of receiving the notice. 29 C.F.R. § 1601.28(a), (e). Because Herbert's claim arose in Georgia and that state has a qualified agency to process employment discrimination claims for disability, see 29 C.F.R. § 1601.80 (designating the Georgia Commission on Equal Opportunity as certified by the EEOC), Herbert is subject to the 300-day filing window. But Herbert's EEO complaints were filed over one year ago, so dismissing her complaint here might time-bar her from re-filing in the Northern District of Georgia.

---

defendant suggests, see Pl.'s Sur-reply Mot. at 1; Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss [ECF 18] at 4-7.

Given the presumption in favor of transfer over dismissal, see Goldlawr, 369 U.S. at 466-67, and the prospect of time-barring Herbert's claims if this case is dismissed, the Court concludes that the interest of justice requires transfer. Thus, the Court will transfer this case to the Northern District of Georgia.[5]

## CONCLUSION

For the foregoing reasons, the Court concludes that venue over Herbert's action does not lie in the District of Columbia. Pursuant to 28 U.S.C. § 1406(a), and in the interest of justice, the Court will transfer this case to the Northern District of Georgia. A separate Order accompanies this Memorandum Opinion.

/s/
_____
JOHN D. BATES
United States District Judge

Dated:  February 25, 2013

---

[5] Although the Northern District of Georgia already issued a ruling based on Herbert's nearly identical claims in that court, its dismissal was without prejudice and hence presumably does not bar Herbert's claims on res judicata grounds. See Howard v. Gutierrez, 474 F. Supp. 2d 41, 50-51 (D.D.C. 2007) (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001)).